IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN R. SMALL : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-6646 |
| CAROLYN W. COLVIN, : | |
| Commissioner of Social Security : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                  **DECEMBER 18 , 2015**

      Presently before the Court is Magistrate Judge David R. Strawbridge's Report and Recommendation (ECF No. 17) and Plaintiff Melvin R. Small's Objections to the Report and Recommendation (ECF No. 19).  For the following reasons, Plaintiff's Objections to the Report and Recommendation will be overruled, and the Report and Recommendation will be approved and adopted.

**I.**    **BACKGROUND**

    **A.**    **Factual Background**

      This case involves the denial of Plaintiff Melvin R. Small's request for Supplemental Security Income ("SSI").  Plaintiff was born in August of 1979.  (Administrative R., Attach. 2 at 50, ECF No. 9.)  He attended school partly through tenth grade and has no relevant work experience.  (*Id.* at 50-51.)  Plaintiff currently resides with his girlfriend, their two-year-old daughter, and a three-year-old step-son.  (*Id.* at 51-52.)

      Plaintiff was incarcerated between 2006 and 2009 at the State Correctional Institute at Albion.  During this period of incarceration, he had periodic contact with the prison's mental health staff.  (Administrative R., Attach. 7 at 230-45.)  Treatment notes from the prison generally

show no reported mental health concerns.  Plaintiff was prescribed Elavil for a period of time while incarcerated.  (*Id.*) [1]

Upon release from prison, Plaintiff began outpatient mental health treatment at the Warren E. Smith Health Center ("WES") in Philadelphia.  At WES, Dr. Jonathan Tan, Psy.D. completed a biopsychosocial evaluation of Plaintiff on February 25, 2011.  (Administrative R., Attach. 7 at 298-311.)  Dr. Tan reported that Plaintiff had a tendency to become angry and sought to isolate himself.  (*Id.* at 298.)  In addition, Dr. Tan noted that Plaintiff reported that he "used to hear voices many years ago but not anymore."  (*Id.* at 299.)  Consistent with mental health records from Albion, Plaintiff reported to Dr. Tan that he was prescribed Elavil for a period of time while incarcerated, but that his prescription ran out after he was released and "he has not had anything since."  (*Id.* at 300.)  Dr. Tan noted that a mini mental status examination demonstrated that Plaintiff had unremarkable, cooperative, and guarded behavior, in addition to unremarkable cognition, thought content, motor activity, perception, speech, and thought process.  (*Id.* at 304.)  Finally, Dr. Tan noted that Plaintiff had an unremarkable but irritable mood and average insight and judgment.  (*Id.*)

With regard to Plaintiff's tendency to become angry, Dr. Tan stated that Plaintiff "appears to have little if any control over his anger and his emotional reactivity is such that even the slightest thing can be perceived as infuriating." (*Id.* at 305.)  Dr. Tan diagnosed Plaintiff as having mood disorder not otherwise specified, intermittent explosive disorder, reading disorder, phencyclidine and cannabis use in remission, and a rule out of anxiety disorder.  (*Id.* at 306.)

While at WES, Plaintiff met with therapist Jake Bolden, MS, on a weekly basis between March of 2011 and June of 2012.  (Administrative R., Attach. 7 at 308-09, 324-34; Attach. 8 at

---

[1] Elavil is "a brand name of the drug amitriptyline, which is a tricyclic antidepressant." (R. & R., ECF No. 17.)

346-48, 355-65, 371-84.)  Plaintiff also met with psychiatrist Conrada Ola, M.D.  Therapy notes completed by Mr. Bolden suggest that Plaintiff's depression, anger, and irritability arose from feeling helpless due to back pain.  (*Id.*)  A treatment plan from WES described Plaintiff's main concerns as depression and anger.  (Administrative R., Attach. 8 at 350.)  The plan also noted that Plaintiff was prescribed Depakote and Seroquel XR.  (*Id.* at 354.)[2]

Mr. Bolden and Dr. Ola answered interrogatories and prepared a joint medical source statement dated December 20, 2011.  (Administrative R., Attach. 7 at 335-45.)  They assessed Plaintiff's prognosis as poor and noted that he had affective and personality disorders that resulted in "marked restriction of activities of daily living," "marked difficulties in maintaining concentration, persistence, or pace," and "marked difficulties in maintaining social functioning." (*Id.* at 338, 340-41.)  Their statement noted marked limitations in a range of areas of mental functioning including memory, the ability to understand and carry out detailed instructions, the ability to maintain attention and concentration, and the ability to sustain ordinary routine activities without special supervision, among other things.  (*Id.* at 342-44.)

There are two other reports in the record that discuss Plaintiff's mental functioning.  These opinions are not associated with WES but instead originated during the Social Security disability determination process.  The first is a report that was drafted by Mosen Alavi, M.D., who performed a state agency consultative examination on March 24, 2011. (Administrative R., Attach. 7 at 287-95.)  Although the primary purpose for Dr. Alavi's examination was to assess Plaintiff's physical ability to work, Dr. Alavi also diagnosed Plaintiff with depression.  (*Id.* at 290.)  The second report was drafted by William Anzalone, Psy.D., who reviewed Plaintiff's

---

[2] Depakote is "a brand name of the drug divalproex sodium which is used to treat seizure disorders, manic depression, and migraine headaches."  Seroquel XR is "a brand name of the antipsychotic drug quetiapine which is used to treat schizophrenia and major depression." (R. & R., ECF No. 17.)

record as of April 22, 2011.  (Administrative R., Attach. 3 at 282-86.)  The purpose of Dr. Anzalone's record review was to assess Plaintiff's mental functioning.  Dr. Anzalone did not directly examine Plaintiff.  In his report, Dr. Anzalone concluded that Plaintiff had severe personality and affective disorders.  (*Id.* at 82.)  Dr. Anzalone also concluded that Plaintiff had moderate restrictions in activities of daily living, moderate difficulties in social functioning, and mild difficulties in "maintaining concentration, persistence, or pace."  (*Id.*)  Finally, Dr. Anzalone concluded that Plaintiff could "complete simple routine work."  (*Id.* at 84.)

**B.     Procedural History**

On December 30, 2010, Plaintiff applied for SSI pursuant to Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381-83f.  (Administrative R., Attach. 5 at 137-46.)  Plaintiff alleged that, beginning on January 1, 2008, he was disabled due to both physical and psychological impairments.  (*Id.*)  Plaintiff's claim was initially denied on April 22, 2011.  (Administrative R., Attach. 4 at 88-92.)  Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and amended the alleged disability onset date to December 30, 2010.  (Administrative R., Attach. 2 at 41-77.)  On September 14, 2012, after the hearing, the ALJ found Plaintiff "not disabled" under the Act.  (*Id.* at 22-31.)  Plaintiff then filed a timely request for review to the Social Security Administration Appeals Council ("Appeals Council").  By letter dated September 23, 2013, the Appeals Council denied review, making the ALJ's ruling the final decision of the agency.  (*Id.* at 1-4.)

On November 15, 2013, Plaintiff sought judicial review pursuant to 42 U.S.C. §405(g) by initiating the instant civil action against Carolyn W. Colvin, the Acting Commissioner of Social Security Administration.  (Pl.'s Br. and Statement, ECF No. 11.)  In his Request for Review, Plaintiff alleged that the ALJ erred by: (1) rejecting the opinion of two treating specialists in

favor of a one-time reviewer who examined a partial medical record; (2) disregarding the opinions of mental health specialists because they relied on subjective reports of Plaintiff; (3) relying on a GAF score as substantial evidence of the severity of plaintiff's impairments; and (4) choosing to only consider evidence in the record that favored her adverse decision. (*Id.* at 2.) Defendant filed a response to the Request for Review (ECF No. 14), and Plaintiff filed a reply (ECF No. 15).

On July 31, 2015, United States Magistrate Judge David R. Strawbridge issued a Report and Recommendation ("R&R") recommending that the decision of the ALJ be affirmed and that the relief requested by Plaintiff be denied. (R. & R., ECF 17.) On August 10, 2015, Plaintiff timely filed objections to the R&R, asserting that: (1) the Magistrate Judge erred in finding that there was substantial evidence to support the ALJ's decision to give "great weight" to the opinion of a non-examining record reviewer while rejecting the opinions of treating mental health specialists; and (2) the Magistrate Judge did not properly review the record in determining whether there was substantial evidence to support the ALJ's finding that Plaintiff has the residual functional capacity to perform substantial gainful employment. (Obj. to R. & R., ECF 19.) Defendant submitted a Response to the objections on August 24, 2015 (Def.'s Resp., ECF 21) and Plaintiff filed a Reply on August 25, 2015 (Pl.'s Reply, ECF 22).

## II.   LEGAL STANDARD

When a party makes specific objections to a magistrate judge's report and recommendation, the district court must perform a *de novo* review of the issues raised by the objections.[3] Fed. R. Civ. P. 72(b)(3); *see also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.

---

[3] In her Response to Plaintiff's Objections, Defendant argues that the objections should be overruled because they simply rehash the issues Plaintiff initially raised before Magistrate Judge Strawbridge. However, the Third Circuit has stated that a *de novo* review requires more

2011); *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *2 (E.D. Pa. Oct. 19, 2011) (citing 28 U.S.C. §636(b)(1) (2005)).  "In order to qualify for *de novo* review, an objecting party must identify specific errors in the magistrate judge's analysis." *Castro v. Colvin*, No. 13-7580, 2015 U.S. Dist. LEXIS 101072, at *2 (E.D. Pa. Aug. 3, 2015) (citing *Martinez*, 2011 WL 4974445 at *4)).  In reviewing the issues raised by the objections, the district court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. §636(b)(1).

Judicial review of the ALJ's final decision is limited to determining whether it is supported by substantial evidence in the record as a whole. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 118 (3d Cir. 2000); *O'Brien v. Colvin*, No. 12-6690, 2014 WL 4632222, at *1 (E.D. Pa. Sept. 16, 2014); *Gilmore v. Barnhart*, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *O'Brien*, 2014 WL 4632222, at *1 (internal citation omitted) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).  Evidence is not substantial if the ALJ failed to consider all relevant evidence. *See Rosa v. Colvin*, 956 F. Supp. 2d 617, 621 (E.D. Pa. 2013) (citing *Sanchez v. Comm'r of Soc. Sec.*, 271 F. App'x 230, 232 (3d Cir. 2008)).  The district court may not review the Commissioner's decision *de novo* and may not re-weigh the evidence of record. *O'Brien*, 2014 WL 4632222 at *1 (citing *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986)). "The findings of the Commissioner of Social Security as to any fact, if

---

than simply overruling objections because they had been raised previously. *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (noting that the district court applied an erroneous standard when it failed to review objections that "merely rehash[ed] arguments presented to and considered by a magistrate judge").  Accordingly, this Court will review Plaintiff's objections *de novo*.

supported by substantial evidence, shall be conclusive." *Brown*, 649 F.3d at 195 (citing 42 U.S.C. §405(g)).

## III.   DISCUSSION

To qualify for SSI, a claimant must demonstrate that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (quoting 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §416.905(a)).  When evaluating a claim for disability, the Commissioner uses a five-step sequential evaluation process to consider whether:  (1) the claimant engaged in substantial gainful activity during the alleged period of disability; (2) the claimant's alleged impairment(s) is severe; (3) the claimant's alleged impairment(s) meets or is medically equal to one of the listed impairments; (4) the claimant retains the residual functional capacity to perform past relevant work; and (5) there are jobs that exist in significant numbers in the national economy that claimant is able to perform.  20 C.F.R. §404.1520; *Morales*, 225 F.3d at 316; *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).

In this case, the ALJ determined in step one that Plaintiff has not engaged in substantial gainful employment since the alleged onset of disability. (Administrative R., Attach. 2 at 19-34.) In step two, the ALJ concluded that Plaintiff's alleged mental impairments are severe. (*Id.*) Neither finding is in dispute.  Plaintiff's objections to the R&R relate to steps three and four. Specifically, Plaintiff argues that Judge Strawbridge erred in concluding that substantial evidence supports the ALJ's finding that Plaintiff does not have an impairment that meets or is medically equivalent to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step three).  Plaintiff also argues that Judge Strawbridge erred in finding that substantial

evidence supported the ALJ's finding that Plaintiff has a residual functional capacity that enables him to perform substantial gainful activity (step four).

### A. Objections Relating to Lack of Impairment

Plaintiff raises two related objections to the R&R with regard to the impairment finding. First, Plaintiff disputes that substantial evidence existed to support the ALJ's decision to accord "great weight" to the opinion of Dr. Anzalone, the State agency psychological consultant. (Obj. to R. & R., ECF No. 19.) Plaintiff argues that the opinion of Dr. Anzalone does not constitute substantial evidence because the physician reviewed only an incomplete record and never examined Plaintiff.

The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (Administrative R., Attach. 2 at 25.) Specifically, the ALJ found that although the criteria for a severe psychological impairment are met, the criteria for functional limitation are not met. In drawing this conclusion, the ALJ noted that she accorded "great weight to the assessment of the State agency psychological consultant who found the claimant has no more than moderate limitations." (*Id.* at 26.) The ALJ reasoned that Dr. Anzalone "provided specific reasons for his opinions" that were "well grounded in the evidence of record." (*Id.*) The ALJ acknowledged that although new evidence of Plaintiff's functional limitations was received after Dr. Anzalone issued his report, the evidence still only supported moderate limitations. In his R&R, Judge Strawbridge found that the ALJ "provided sufficient reasoning for her assessments" of Dr. Anzalone's report and that her assessments were supported by substantial evidence. Specifically, Judge Strawbridge found that although Dr. Anzalone's report was not based on Plaintiff's full medical record, the ALJ's conclusion that the

more recent evidence would not have changed the accuracy of Dr. Anzalone's opinion was supported by substantial evidence.

Plaintiff's second objection to the R&R is that it improperly finds that substantial evidence existed to support the ALJ's decision to give less weight to Mr. Bolden's and Dr. Ola's joint opinion than to Dr. Anzalone's opinion.  (Obj. to R. & R.)  Plaintiff argues that substantial evidence does not exist to support the ALJ's finding that the treating specialists' opinions were exaggerated, that their opinions did not have professional balance or objectivity, and that their opinions were not supported by their treatment notes.

When considering the opinions of the treating specialists, the ALJ chose to give little weight to their joint assessment, noting that the report appeared to lack professional balance or objectivity, that it was "not well-supported by accepted clinical and diagnostic techniques," and that it was inconsistent with other substantial evidence.  (Administrative R., Attach. 2 at 19-34.) The ALJ noted that the inconsistent evidence included the treating specialists' treatment notes, Plaintiff's testimony, and the consultant's opinion.  In the R&R, Judge Strawbridge found that the ALJ's decision to give little weight to the treating specialists' joint assessment was supported by substantial evidence.  Specifically, Judge Strawbridge determined that the ALJ's conclusion that a substantial amount of evidence conflicted with their assessment was a "reasonable interpretation of the evidence."  Our *de novo* review reveals that Judge Strawbridge was correct.

An ALJ is required to give treating physicians' reports great weight, "especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales*, 225 F.3d at 317 (quoting *Plummer*, 186 F.3d at 429).  The medical opinion of a treating physician can only be rejected when contradictory medical evidence is present in the record.  *See Frankenfield v. Bowen*, 861 F.2d

405, 408 (3d Cir. 1988). When the opinion of a treating physician conflicts with the opinion of a non-treating physician, "the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" *Morales*, 225 F.3d at 317 (quoting *Plummer*, 186 F.3d at 429). "An ALJ must explain the weight given to physician opinions and the degree to which a claimant's testimony is credited." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011) (citing 20 C.F.R. § 404.1527(f)(2)(ii)). When choosing to reject the treating physician's opinion, an ALJ cannot do so "'due to his or her own credibility judgments, speculation, or lay opinion.'" *Morales*, 225 F.3d at 317-18 (quoting *Plummer*, 186 F.3d at 429).

Here, the ALJ afforded greater weight to the opinion of the state agency psychological consultant than she did to the joint assessment of Plaintiff's treating specialists. To support this decision, the ALJ described the medical evidence that she found to be contradictory to the treating physicians' opinions, and explained her reasons for rejecting certain evidence. Specifically, the ALJ noted that the joint assessment completed by Mr. Bolden and Dr. Ola "is inconsistent with other substantial evidence" including therapy notes, progress notes, the State agency opinion, and Plaintiff's testimony. For example, Plaintiff's testimony revealed that he has only a moderate limitation in activities of daily living because he can "care for his personal needs and do some shopping," as well as take public transportation, play video games, and use a cell phone. (Administrative R., Attach. 2 at 26.) In addition, therapy and progress notes showed that Plaintiff has only a moderate limitation in social functioning, since he was reported "cooperative" in therapy, is able to maintain a relationship with his girlfriend, and appears "eager to raise his child properly." (*Id.*) Also, Plaintiff's initial psychological evaluation, which stated that his cognition was "unremarkable," coupled with the ALJ's observation that there is "no actual evidence of any significant deficits in concentration" reveal that Plaintiff has only a

moderate limitation in "concentration, persistence and pace." (*Id.* at 27.) The treating specialists' joint assessment found marked limitations in the above areas, which is contradictory with the other medical evidence cited by the ALJ. Based on our review of the record as a whole, we agree with Judge Strawbridge that the ALJ's decision to give greater weight to Dr. Anzalone's opinion was supported by substantial evidence.

Plaintiff's argument that the ALJ should not have relied on Dr. Anzalone's report because he did not have the complete record before him when he rendered his opinion is also rejected. The ALJ determined that the more recent evidence would not have changed the accuracy of Dr. Anzalone's opinion. In addition, the ALJ concluded that the more recent evidence "did not support more than moderate limitations and would, therefore, not have changed Dr. Anzalone's opinion." (R. & R. 12.) Judge Strawbridge explained that the ALJ's reasoning was proper in light of Third Circuit precedent. (*Id.*) Specifically, the Third Circuit has recognized that there will always be "some time lapse between the consultant's report and the ALJ hearing and decision," but that "[o]nly where additional medical evidence is received that in the opinion of the ALJ" could change the conclusions reached by the consultant, should the consultant's report be updated. *Chandler*, 667 F.3d at 361. The ALJ in this case did not believe that records arising after Dr. Anzalone rendered his opinion would have required an update to Anzalone's report. There was nothing improper about the ALJ's reliance on Dr. Anzalone's opinion.

Accordingly, substantial evidence existed for the ALJ to conclude in step three of the evaluation process that Plaintiff does not have a medical impairment that equals one of the listed impairments. Accordingly, Plaintiff's first objection will be overruled.

B.     **Objection Relating to Residual Functional Capacity**

Plaintiff's next objection to the R&R relates to the residual functional capacity finding at step four of the evaluation process. Specifically, Plaintiff contends that Judge Strawbridge erred in finding that substantial evidence existed to support the ALJ's conclusion that Plaintiff has a residual functional capacity that allows him to perform substantial gainful employment. Plaintiff argues that the ALJ simply noted both favorable and unfavorable facts, but failed to explain her reasons for rejecting the unfavorable facts. According to Plaintiff, had Judge Strawbridge properly reviewed the ALJ's decision for substantial evidence, he would have found that the ALJ erred in concluding that Plaintiff only has moderate limitations in activities of daily living and social functioning and no significant deficits in concentration.

The ALJ concluded that Plaintiff "retains the residual functional capacity to perform the exertional demands of all levels of work." (Administrative R., Attach. 2 at 28.) More specifically, she found that Plaintiff's ability to work is "limited to unskilled work with routine and repetitive tasks performed in a low stress environment." (*Id.*) The ALJ's conclusion was based in part on her determination that Plaintiff was not credible when he testified about the severity of his limitations and the impact of these limitations on his ability to work. In the R&R, Judge Strawbridge found that the ALJ provided an adequate summary of the evidence cited in the record. (R. & R., ECF No. 17.) He deferred to the ALJ's credibility judgment of Plaintiff's testimony after concluding that her reasons for discounting Plaintiff's testimony are supported by substantial evidence in the record. As a result, Judge Strawbridge concluded that the ALJ's decision as a whole was supported by substantial evidence.

We are bound by the factual findings of the ALJ as long as they are supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft*,

181 F.3d at 360)). In addition, "[c]redibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." *Pysher v. Apfel*, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983)). The ALJ concluded that Plaintiff's testimony was not fully credible because the record did not provide any objective medical evidence that Plaintiff's impairments were as severe as he claimed them to be during his testimony. (Administrative R., Attach. 2 at 29.) In addition, although Plaintiff testified that he attended weekly therapy appointments and monthly psychiatrist appointments, the record did not corroborate this. The ALJ also questioned Plaintiff's credibility by pointing out that his symptoms seemed to have been under control while he was incarcerated.

We agree with Judge Strawbridge that the ALJ provided sufficient reasoning to explain why Plaintiff's testimony is contradicted by medical evidence. We also agree that the ALJ's reasoning is supported by substantial evidence. We therefore give deference to the ALJ's decision to afford less weight to Plaintiff's testimony. In affording less weight to Plaintiff's testimony and more weight to Dr. Anzalone's opinion, as discussed above, it is clear that substantial evidence existed for the ALJ to conclude that Plaintiff has a residual functional capacity that allows him to maintain substantial gainful employment. Accordingly, Plaintiff's second objection will be overruled.

IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Strawbridge will be overruled, and the Report and Recommendation will be approved and adopted.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**